XURI DEBORAH WEBB
131 Lighthouse Mall
Marina del Rey CA 90292
Tel 424 270 3402

Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

---

In Re:

XURI WORTHING WEBB

Debtor

Case No. 2:18-cv-7613

Bankruptcy Court case 2:17-bk-15363-NB

---

XURI WORTHING WEBB

Appellant

v.

GHANOONI LAW

Appellee

**APPELLANT'S STATEMENT OF ISSUES ON APPEAL**

---

The issues on appeal are the following

(note – this is a bankruptcy attorney – client fee dispute) :

1. Whether the Bankruptcy Court erred in denying pro se client's request for a first-time continuance in order to obtain legal counsel for this matter. Pro se client had health issues and had not received all documentation until late.

2. Whether the Bankruptcy Court erred in finding that this matter should not be arbitrated by the California State Bar Arbitration Program (even though the attorney-client arbitration agreement said it should).

3. Whether the Bankruptcy Court erred in finding that Debtor (appellant) should have known the extent (and for what) she was being charged (even though attorney/appellee never provided any billing or notice of requested fees during the ten (10) month time of representation or for three months after client terminated attorney's representation). (Additionally, attorney held $60,000 of appellants' cashiers checks in her vault/safe in her office for approx.. six months during the proceedings. When released to client, attorney never mentioned any incurred attorney fees that were owing by appellant/client.) This is one of multiple reasons client released this attorney from representation.

4. Whether the Bankruptcy Court erred in accepting attorney's excuse that she never billed client for over one year, because she 'didn't have time' to bill client. (Would a reasonable person accept that excuse?)

5. Does the fact that afterward it was discovered that attorney/ appellee submitted false/ fabricated material evidence in this matter nullify the order?

6. Appellant reserves the legal right to augment issues on appeal by a newly obtained counsel whom is tbd/pending. Court to be notified promptly upon appointment of new appeals' counsel for appellant..

Respectfully submitted,

_____        date
Xuri Deborah Webb